Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 01-30301 (LMW) |
| ANTONIO R. MACATOL and MARINA P. MACATOL, | ) ) ) | CHAPTER | 7 |
| DEBTORS. | ) | | |
| ROBERTA NAPOLITANO, TRUSTEE, | ) ) | ADV. PRO. NO. | 06-3066 |
| PLAINTIFF | ) ) | DOC. I.D. NO. | 41 |
| vs. | ) ) | | |
| ANTONIO R. MACATOL and MARINA P. MACATOL, | ) ) ) | | |
| DEFENDANTS. | ) | | |

## APPEARANCES

Roberta Napolitano, Esq.          Plaintiff/ Chapter 7 Trustee
P. O. Box 9177
Bridgeport, CT 06601

Antonio R. Macatol                Defendants/ Chapter 7 Debtors, *Pro Se*
Marina P. Macatol
67 Michael Lane
Naugatuck, CT 06770

### BRIEF MEMORANDUM OF DECISION
### GRANTING MOTION FOR DEFAULT JUDGMENT

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** the above-referenced debtors (the "Debtors") commenced this case by a petition filed under chapter 11 of the Bankruptcy Code[1] on January 22, 2001 (the "Petition Date");

**WHEREAS,** this case was converted to a case under chapter 7 of the Bankruptcy Code by order (*see* Case Doc. I.D. No. 134)[2] entered on February 27, 2003;

**WHEREAS,** the above-referenced plaintiff (the "Trustee") is the appointed and duly serving chapter 7 trustee in this case;

**WHEREAS,** the Debtors received their respective chapter 7 discharges (collectively, the "Discharge") (*see* Case Doc. I.D. No. 141) in this case on August 27, 2003;

**WHEREAS,** on May 8, 2006 the Trustee commenced this adversary proceeding by the filing of a complaint. (A.P. Doc. I.D. No. 1.) On November 28, 2006, the Trustee filed an amended complaint (A.P. Doc. I.D. No. 19, the "Complaint") seeking revocation of the Discharge pursuant to 11 U.S.C. §§ 727(d)(3) and 727(a)(6);[3]

**WHEREAS,** Bankruptcy Code § 727(d)(3) provides for revocation of a chapter 7 discharge if "the debtor committed an act specified in subsection (a)(6) of [Section 727] . . . ," 11 U.S.C.A. § 727(d) (West 2005). Section 727(a)(6) provides for denial of discharge if "the debtor has refused, in the case– (A) to obey any lawful order of the court, other than an order to respond to a material question or to testify . . . ," 11 U.S.C.A. § 727(a) (West 2005);

---

[1] References herein to title 11 or to the Bankruptcy Code refer to the same as they existed prior to amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

[2] Citations herein to the docket of this adversary proceeding are in the following form: "A.P. Doc. I.D. No. ___." Citations herein to the docket of this chapter 7 case are in the following form: "Case Doc. I.D. No. ___."

[3] The Complaint corrected scrivener's errors in the original complaint.

**WHEREAS,** the original complaint (together with a valid summons) and the Complaint were duly served upon the Debtors. (*See* A.P. Doc. I.D. Nos. 5 and 19.);

**WHEREAS,** on March 20, 2007, an amended pretrial order was entered and on March 22, 2007 was served on the Debtors in this adversary proceeding. (*See* A.P. Doc. I.D. Nos. 36 and 37.);

**WHEREAS,** the Debtors have failed to plead or otherwise defend in this adversary proceeding;

**WHEREAS,** on motion of the Trustee the Clerk entered a default against the Debtors on June 20, 2007. (*See* A.P. Doc. I.D. No. 39.);

**WHEREAS,** on June 26, 2007 the Trustee filed a motion (A.P. Doc. I.D. No. 41, the "Motion") seeking default judgment on the Complaint;

**WHEREAS,** the Motion was scheduled for a hearing (the "Hearing") on July 11, 2007 and notice of the Hearing was served on the Debtors. (*See* A.P. Doc. I.D. No. 44.);

**WHEREAS,** the Hearing was held as scheduled. The Debtors did not appear at the Hearing. The court took the matter under advisement;

**WHEREAS,** the debtor always is deemed to appear in a revocation of discharge proceeding for the purposes of Rule 7055 of the Federal Rules of Bankruptcy Procedure. *See Katz v. Araujo (In re Araujo),* 292 B.R. 19 (Bankr. D. Conn. 2003). "To prevail on the Motion, the Trustee must demonstrate a *prima facie* case under Section 727(d)(3)." *Id.* at 22;

**WHEREAS,** this court has jurisdiction over this adversary proceeding as a core proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and that certain Order dated September 21, 1984 of the District Court (Daly, C.J.);[4]

**WHEREAS,** as of the Petition Date, the Debtors jointly owned certain property (the "Property") described as "Palmcoast Community, Lot 13, Section 57, Florida" (*see* Case Doc. I.D. No. 16 (Schedule A - Real Property));[5]

**WHEREAS,** annexed to and in support of the Motion is that certain Affidavit in Support of Entry of Judgment. (A.P. Doc. I.D. No. 41.) An amended version of the document was filed on July 12, 2007. (A.P. Doc. I.D. No. 46, the "Trustee's Affidavit").[6] The Trustee's Affidavit establishes the following facts:

- On or about September 19, 2003, the Debtors' provided the Trustee with a letter from Eufemia Smith, a Licensed Real Estate broker, of Staten Island, New York, stating that the Property's value was $5,000.00.

- In June, 2005, the Trustee "googled" the Property's address and found the name of Millie Vendettuoli of Real Estate Services of Palm Coast, Inc., a real estate agent in Palmcoast, Florida.

- Ms. Vendettuoli informed the Trustee that the Property's value was $75,000.00.

- The Trustee moved to retain Real Estate Services of Palm Coast, Inc. to sell the Property.

---

[4] That order referred to the "Bankruptcy Judges for this District" "all cases under Title 11, U.S.C., and all proceedings arising under Title 11, U.S.C., or arising in or related to a case under Title 11, U.S.C. . . . . ."

[5] The Property is also known as 58 Ulaturn Trail. (*See* A.P. Doc. I.D. No. 41 (Exhibit B).)

[6] The Trustee's Affidavit corrected scrivener's errors in the previous affidavit.

- Ms. Vendettuoli subsequently informed the Trustee that the Debtors had sold the Property for the sum of $75,000.00 in May 2005.

- The Debtors sold the Property without court authority on or about May 20, 2005.

- On April 6, 2006, the court entered an order ordering the Debtors "to pay the estate the sum of $68,000 within five business days of the date this Order enters." (Case Doc. I.D. No. 193, the "Payment Order.") That sum represented the value of the Property less a brokers' fee, the amount necessary to make the estate whole after the sale of the Property.

- As of the date of the Trustee's Affidavit, the Trustee had not received a payment from the Debtors.[7]

(Trustee's Affidavit at 1-2);

**WHEREAS**, the foregoing facts establish a *prima facie* case for revocation of the Discharge even if Section 727(a)(6) requires some element of willingness or intent. *See Araujo, supra*;

**NOW, THEREFORE,** for the reasons set forth above, the Motion shall be granted and a conforming separate judgment shall issue. It is **SO ORDERED.**

Dated: July 16, 2007                                                  BY THE COURT

                                                                      *Lorraine Murphy Weil*
                                                                      Lorraine Murphy Weil
                                                                      United States Bankruptcy Judge

---

[7] The Payment Order was served on the Debtors at the address currently listed for them on the docket for this case. (*See* Case Doc. I.D. No. 194.

-5-